**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 12, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1092-CR**

Cir. Ct. No. **2017CF186**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JOHN R. HUDSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Walworth County: KRISTINE E. DRETTWAN, Judge. *Affirmed.*

Before Reilly, P.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. John Hudson appeals from a judgment convicting him of incest and first-degree sexual assault of a child and from a circuit court order denying his postconviction motion seeking a new trial due to ineffective assistance of trial counsel. We conclude that because counsel did not perform deficiently, a new trial was not warranted. We affirm.

¶2 After a jury convicted him, Hudson sought a new trial because his trial counsel failed to object either to the State's[1] direct examination of his spouse or to the State's allegedly improper closing arguments. After an evidentiary hearing on the motion, the circuit court found that trial counsel made strategic decisions not to object. Therefore, Hudson did not show that counsel performed deficiently. Hudson appeals.

¶3 To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. Both deficient performance and prejudice present mixed questions of fact and law. *Id.* We will uphold the circuit court's factual findings unless they are clearly erroneous. *Id.* However, we review de novo whether counsel's performance was deficient or prejudicial. *Id.* We need not consider whether trial counsel's performance was prejudicial if we can resolve the ineffectiveness issue on the ground that counsel's performance was not deficient. *See State v. Moats*, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).[2]

---

[1] For simplicity, we refer to the prosecutor at trial as the State.

[2] Although we do not reach the prejudice prong, we note that the circuit court concluded that due to the weight of the evidence against him, Hudson could not show that he was prejudiced by trial counsel's performance.

¶4    "To demonstrate deficient performance, the defendant must show that his counsel's representation 'fell below an objective standard of reasonableness' considering all the circumstances." *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695.  In evaluating counsel's performance, we are highly deferential to counsel's strategic decisions.  *State v. Balliette*, 2011 WI 79, ¶26, 336 Wis. 2d 358, 805 N.W.2d 334.  "A strategic trial decision rationally based on the facts and the law will not support a claim of ineffective assistance of counsel."  *State v. Elm*, 201 Wis. 2d 452, 464-65, 549 N.W.2d 471 (Ct. App. 1996).

¶5    On appeal, Hudson focuses on two claims of ineffective assistance of trial counsel arising from counsel's failure to object when:  (1) the State insinuated during direct examination of Hudson's spouse that trial counsel improperly coached her in preparation for her trial testimony and made related unfairly prejudicial closing arguments relating to the spouse's testimony; and (2) the State remarked during closing argument that rather than reaching a compromise or "cut [Hudson] a break" on one of the counts against him, a juror who wanted to express a personal view about what should happen to Hudson could write to the judge after the verdict was delivered.[3]

¶6    After an evidentiary hearing at which trial counsel testified, the circuit court made the following findings applicable to both ineffective assistance claims. The court conducted the trial and was familiar with the case.  Trial counsel credibly

---

[3] Hudson argued additional ineffective assistance of trial counsel claims in the circuit court.  These are the only claims Hudson argues on appeal.

explained his process for deciding whether to object during trial,[4] and he used that process during Hudson's trial. Credibility determinations were for the circuit court to make. *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345. While the State was aggressive, abrasive and at times, zealous, the State's conduct was neither improper nor unfair. Finally, with regard to the closing arguments, the jury was presumed to follow the instructions that closing remarks are not evidence and they were to form their own conclusions after weighing the testimony and the credibility of the evidence. We now turn to Hudson's specific complaints of ineffective assistance of trial counsel.

### Failure to Object During State's Examination of Spouse and to Remarks about Trial Counsel During Closing Argument

¶7      Hudson highlights the following exchange during his spouse's testimony and claims that his trial counsel should have objected because the State disparaged his counsel. Prior to this point in the spouse's testimony, the circuit court had agreed with the State's characterization of the spouse as reluctant to testify and evasive about her pre-trial interactions with Hudson and permitted the State to impeach her with evidence of recorded jail telephone calls in which she discussed the case with Hudson. When the spouse resumed testifying, she admitted discussing the case with Hudson and that he asked her to be helpful to him in her testimony. The following exchange then occurred:

> [State]:  And you have met with [trial counsel] to prepare
> for your testimony, haven't you?

---

[4] Counsel explained his process as follows:  does the remark draw his attention, is the remark truly legally objectionable, and if it is, then should an objection be lodged, essentially a cost-benefit analysis.

[Spouse]:  I have not met with [trial counsel].  I dropped off his clothes, John's clothes.

[State]:  You met beyond that to talk about the case with [trial counsel], didn't you?

[Spouse]:  A little.

[State]:  So to just imply to this jury that all you did was drop of his clothes would be misleading, wouldn't it?

[Spouse]:  I believe so.

¶8     Hudson argues that the foregoing line of inquiry made trial counsel a witness to what occurred in his office and was unfairly prejudicial and disparaging of counsel.  Therefore, counsel's failure to object was deficient performance.

¶9     Hudson also argues that trial counsel was ineffective for not objecting to the State's closing argument which disparaged counsel, suggested inappropriate conduct by trial counsel and Hudson's spouse relating to trial preparation,[5] and otherwise made objectionable remarks as follows:

> [Spouse] was a very interesting witness.  Now, she apparently assumed that the defendant wanted her to alibi him.  And she didn't.  But that was tough for her.  It was very obvious—And a wife will love her husband, you would expect that.  But she did not want to acknowledge that she and the defendant had been talking about this case a lot and that he said that he wanted her to save his ass.  Now, what exactly that means, she assumed it was to give an alibi.  But she didn't.  She cannot.  She knows that that wouldn't be true.
>
> Why was she hiding something?  And what was that that she was hiding?  Notice how admittedly misleading her testimony was when I asked her about meeting with the

---

[5] Hudson's assertions about trial counsel's trial preparation activities are not supported by citations to the record.  We do not address them. *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 ("We have no duty to scour the record to review arguments unaccompanied by adequate record citation.").

defense attorney to prepare for her testimony. And she said so I just dropped off clothes for him. I guess the attorney wants to make sure that he's dressed properly for court, and that's appropriate. But why mislead us and imply that he just went boom, here you go, I'm out, but when pressed I said you talked about your testimony? Yes. So when you said before that you didn't, you're really trying to mislead this jury. Yes, I guess so.

….

Now, I expect you're going to hear the defense attorney talk about oh, no, [spouse] Hudson says that the defendant doesn't sleep wearing his pants buckled up. [The victim] never said that he did. Notice that she was never asked what was the defendant wearing when you climbed into bed with him. We didn't ask that. Obviously the defense intended to make an issue of it with [spouse] during their planning meetings. But the defense never asked that. [The victim] never said that the defendant was wearing his pants.

¶10 At the hearing on Hudson's postconviction motion, trial counsel testified that he decided not to object to the State's examination of Hudson's spouse because he did not want to give the jury the impression that counsel had something to hide. He also decided not to object to the State's related closing argument. The circuit court found that counsel made strategic choices not to object. Furthermore, the court found that the State's examination was intended to impeach Hudson's spouse, highlight her evasiveness and challenge her credibility, not to cast aspersions on trial counsel's pre-trial interactions with her, to get at the details of what actually occurred in counsel's office, or to disparage trial counsel. *See State v. Johnson*, 2004 WI 94, ¶20, 273 Wis. 2d 626, 681 N.W.2d 901 (examining witnesses tests their credibility). Finally, the jury was instructed that closing arguments are not evidence. After applying the correct legal standards, the court concluded that trial counsel did not perform deficiently.

¶11 The circuit court's findings about the nature of the witness examination, the related closing argument and trial counsel's strategic decisions not

to object[6] are supported by the record. *Elm*, 201 Wis. 2d at 464-65. Courts are highly deferential to counsel's strategic decisions. *Balliette*, 336 Wis. 2d 358, ¶26.

¶12 On this record, Hudson did not satisfy his burden to show that counsel's decision not to object "'fell below an objective standard of reasonableness' considering all the circumstances." *Carter*, 324 Wis. 2d 640, ¶22; *Jeannie M.P.*, 286 Wis. 2d 721, ¶6 (defendant has burden to show ineffective assistance of counsel). Counsel did not perform deficiently.

### Failure to Object to Closing Argument Advising Jurors They Could Write to the Court With Thoughts on Disposition

¶13 Hudson highlights the following portion of the State's closing argument as a passage to which his trial counsel should have objected:

> You may as human beings have some opinion about what should happen in this case. And you're certainly entitled as human beings to have that opinion. As jurors, you can't let that opinion affect your deliberations. If you have some position about what should happen in this case as a consequence of something particularly strong or particularly lenient, when the case is over, as citizens who have elected this judge, you can write a letter with your opinion to the judge. But what you can't do is say we're going to find him guilty on Count 1, but we're going to cut him a break on Count 2 to give him a break. If you think he deserves a break, you can tell that to the judge. But you can't say that through your verdict. That is not what your oath is. Your oath is to find the truth in this case

---

[6] Trial counsel may reasonably decide to forego objecting to avoid "draw[ing] unwanted jury attention" to what the jurors heard. *See State v. Cooks*, 2006 WI App 262, ¶44, 297 Wis. 2d 633, 726 N.W.2d 322.

¶14    With regard to trial counsel's failure to object, the circuit court found that the State's argument was a permissible elaboration on the jury instruction that the circuit court determines the defendant's consequences, and the jury is not to consider the consequences as they deliberate. The court found that there was no compelling reason for trial counsel to object to the State's closing argument, and counsel made a strategic choice not to do so. Furthermore, the jury was instructed that closing remarks are not evidence, and that they are to form their own conclusions after weighing the testimony and other evidence. The court stated the oft-repeated principle that jurors are presumed to follow jury instructions. After applying the correct legal standards, the court concluded that counsel did not perform deficiently.

¶15    The circuit court's findings about the nature of the closing argument and trial counsel's strategic decision not to object are supported by the record. *Elm*, 201 Wis. 2d at 464-65.

¶16    On this record, Hudson did not satisfy his burden to show that counsel's decision not to object "'fell below an objective standard of reasonableness' considering all the circumstances." *Carter*, 324 Wis. 2d 640, ¶22; *Jeannie M.P.*, 286 Wis. 2d 721, ¶6 (defendant has burden to show ineffective assistance of counsel). Counsel did not perform deficiently.

¶17    We conclude that Hudson did not meet his burden to show ineffective assistance of trial counsel as to any of the claims before this court. *Jeannie M.P.*, 286 Wis. 2d 721, ¶6.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).